IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NELDA J. TILLISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:03-CV-2480-D |
| VS. | § | |
| | § | |
| TRINITY VALLEY ELECTRIC | § | |
| COOPERATIVE, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Nelda J. Tillison ("Tillison") sued Trinity Valley Electric Cooperative, Inc. and Trinity Valley Services, Inc. (collectively "Trinity Valley"), her former employers, alleging sex discrimination, quid pro quo sexual harassment, and hostile work environment sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; and state-law claims of intentional infliction of emotional distress, negligence, gross negligence, negligent retention, and gross negligent retention. Trinity Valley moved for summary judgment. After the time for Tillison to respond had elapsed, the court granted the motion. *See Tillison v. Trinity Valley Elec. Coop.*, 2005 WL 292423 (N.D. Tex. Feb. 7, 2005) (Fitzwater, J.). Due to the pendency of a third-party action, the decision was interlocutory. Tillison moves for relief from the order granting summary judgment, for leave to file a response, and to extend the deadline to respond. The court grants the motion to the extent set out below, and on the condition that Tillison compensate Trinity Valley for its reasonable attorney's fees and expenses in preparing its February 28, 2005 response to her motion for relief.

Because the February 7, 2005 summary judgment ruling is interlocutory, the court has the discretion to grant the relief Tillison seeks.  Fed. R. Civ. P. 54(b) provides that

> [i]n the absence of such determination and direction [that there is no just reason for delay and upon an express direction for the entry of judgment], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision *is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added).  The court thus retains the discretion "to revise its orders prior to entry of final judgment."  *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 208 F.Supp.2d 687, 688 (S.D. Tex. 2001); *see Raytheon Constructors Inc. v. ASARCO Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

This discretion is informed by comparing the procedural posture of this case with one in which relief is sought under Rule 59(e).  There "[t]he task of the district court . . . is to strike the proper balance between [two] competing interests[:]" "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).  Because the court's decision in the context of Rule 54(b) is interlocutory, the need to bring litigation to an end lacks the same force as it does when a final judgment has been entered.  Moreover, although the court rejects the reasons Tillison relies on to excuse her failure to file a timely response to Trinity Valley's motion, the absence of compelling interests of finality persuade the court that it should give greater weight to the interest of rendering a just decision on the merits.  In doing so, the court recognizes that, in some sense, the mere fortuity of a pending third-party action has allowed Tillison to avail herself of the

more lenient standard of Rule 54(b) and to escape the more harsh consequences of Rule 59(e) that would have applied had the court's decision resulted in a final judgment. But the rules of civil procedure often require line drawing that results in significant consequences based on nothing more than the timing of a procedural event. Rule 59(e) and 60(b) motions, for example, are evaluated under different standards, *see Lavespere*, 910 F.2d at 173-74 (noting that Rule 59(e) motion is not subject to same exacting standards as is Rule 60(b) motion), and whether a motion is analyzed under one rule rather than the other depends on nothing more than when the motion was filed, *see id.* at 175.

Trinity Valley incurred the expense of responding to Tillison's motion. The court thus concludes in its discretion that Tillison should compensate Trinity Valley for its reasonable attorney's fees and expenses in preparing its February 28, 2005 response to her motion for relief.

Accordingly, the court grants Tillison's motion to the extent that it permits her to file her summary judgment response, brief, and appendix within 14 days of the date this order is filed,[1] on the condition that she must also within that time reimburse Trinity Valley for its reasonable

---

[1] Tillison is not entitled to benefit from the passage of time between filing her motion and receiving the court's decision. Accordingly, her response must be substantially the same as the proposed response accompanying her motion, except as follows.

First, she may include in her response a request for relief under Rule 56(f) if she has grounds to do so and supports the request in the manner required by that rule and the Fifth Circuit jurisprudence that interprets it.

Second, she must review the court's local civil rules concerning briefing summary judgment motions, *see* N.D. Tex. Civ. R. 56.1-56.7, and must correct at least the following defects in her proposed pleadings: she must sequentially number the pages of her appendix, as required by Rule 56.6(b)(3) and must cite the evidence by referring to the page number in the appendix, as required by Rule 56.5(c).

attorney's fees and expenses in preparing its February 28, 2005 response.[2]  Trinity Valley may file a reply brief in support of its motion for summary judgment within 15 days of the date the response is filed.  Due to the pendency of the summary judgment motion, the court will continue the trial of this case by order to be filed in due course.  The court's February 7, 2005 memorandum opinion and order is vacated.

   **SO ORDERED**.

   April 18, 2005.

                                                      _____
                                                      SIDNEY A. FITZWATER
                                                      UNITED STATES DISTRICT JUDGE

---

[2]The court assumes that Trinity Valley will promptly advise Tillison's counsel of the amount of its reasonable attorney's fees and expenses and that the parties will not disagree concerning the amount.  If there is disagreement, Tillison may move for an extension of time to make the payment and may in her motion advise the court of the nature of the dispute.