IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NELDA J. TILLISON,                  §
                                    §
            Plaintiff,              §
                                    §   Civil Action No. 3:03-CV-2480-D
VS.                                 §
                                    §
TRINITY VALLEY ELECTRIC             §
COOPERATIVE, INC., et al.,          §
                                    §
            Defendants.             §

MEMORANDUM OPINION
AND ORDER

Plaintiff Nelda J. Tillison ("Tillison") sues Trinity Valley
Electric Cooperative, Inc. and Trinity Valley Services, Inc.
(collectively, "Trinity"), her former employers, alleging sex
discrimination, *quid pro quo* sexual harassment, and hostile work
environment sexual harassment, in violation of Title VII of the
Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*;
age discrimination, in violation of the Age Discrimination in
Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and
state-law claims of intentional infliction of emotional distress,
negligence, gross negligence, negligent retention, and gross
negligent retention.  Concluding that her federal-law claims are
time-barred and that her state-law claims are precluded as a matter
of law, the court grants defendants' motion for summary judgment.
The court also dismisses defendants' third-party claim at their
request and enters a final judgment of dismissal.

I

From 1967 until 2002, Tillison worked in the billing or accounting departments of Trinity or its predecessors.[1]   During much of that time, Trinity's General Manager, third-party defendant Jack Schwartz ("Schwartz"), tacitly promoted a company policy requiring female employees to dress in a sexually-provocative manner and behave as though they were receptive to his advances. Schwartz behaved improperly during a period of several years, including attempting to touch an employee's breasts, forwarding sexually-explicit material through the office email system, showing a female employee sexually-explicit material on his computer, and offering a female employee jewelry in exchange for sex.   Schwartz also commented that a female employee's chances for promotion were better if she were attractive.

Tillison refused to abide by Schwartz's requirements and thereafter began to experience difficult relations with her supervisors.   Supervisors assigned her additional responsibilities and an unmanageable workload, reprimanded her based on false allegations, and monitored her telephone use.   Her workplace difficulties came to a head on January 11, 2002, when, following a confrontation with a supervisor concerning her workload, she left

---

[1]The court recounts the evidence favorably to Tillison as the summary judgment nonmovant and draws all reasonable inferences in her favor.  *See, e.g., Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

and did not return.   Tillison alleges that she was constructively discharged and that Trinity terminated her to avoid paying her full retirement benefits and because of her female sex.[2]   She subsequently filed a charge of discrimination, obtained a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), and filed this lawsuit.   Trinity moves for summary judgment.[3]

## II

The court first considers whether Tillison's claims of negligence, gross negligence, negligent retention, and gross negligent retention are subject to dismissal.

In its February 7, 2005 memorandum opinion and order, the

---

[2]Because Tillison asserts that she was constructively discharged on January 11, 2002, and because the court later rejects her assertion that she was not terminated until November 1, 2004, the court will refer throughout this opinion to January 11, 2002 as the date Trinity terminated her employment.

[3]Trinity filed a motion for summary judgment on January 3, 2005.   In a February 7, 2005 memorandum opinion and order, the court granted summary judgment after Tillison failed to respond to the motion within the time required by N.D. Civ. R. 7.1(e).   *See Tillison v. Trinity Valley Elec. Coop.*, 2005 WL 292423 (N.D. Tex. Feb. 7), *vacated*, No. 3:03-CV-2480-D (N.D. Tex. Apr. 18, 2005) (Fitzwater, J.).   Fortuitously for her, the court did not enter a final judgment due to the pendency of Trinity's third-party action against Schwartz.   Tillison subsequently moved for relief on the basis that her failure to respond to the motion was the result of her attorney's misunderstanding of the court's rules and failure to obtain evidence necessary to support her response.   The court granted her motion, vacated its memorandum opinion and order, and permitted Tillison to file a response and Trinity to file a reply. *See Tillison v. Trinity Valley Elec. Coop.*, No. 3:03-CV-2480-D, slip op. at 3-4 (N.D. Tex. Apr. 18, 2005) (Fitzwater, J.). Trinity's motion is again before the court for decision.

- 3 -

court dismissed Tillison's negligence claims on the basis that they arise from injuries she suffered in the course of her employment and are therefore precluded by the exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA"). *See Tillison v. Trinity Valley Elec. Coop.*, 2005 WL 292423, at *2 (N.D. Tex. Feb. 7) ("*Tillison I*"), *vacated*, No. 3:03-CV-2480-D (N.D. Tex. Apr. 18, 2005) (Fitzwater, J.). In her response, Tillison contends her negligence claims are not barred by the TWCA because the Supreme Court has recognized in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), that an employer can be held vicariously liable for the sexually-harassing conduct of a supervisor.[4]

Tillison's reliance on *Burlington* and *Faragher* is misplaced. Those cases address when under Title VII an employer can be held vicariously liable for the sexually harassing conduct of a supervisor. The question whether Tillison's state-law negligence claims are barred by the TWCA, however, is governed by Texas law. *See, e.g., Ward v. Bechtel Corp.*, 102 F.3d 199, 203-04 (5th Cir. 1997) (citing cases applying Texas law in analyzing TWCA preemption of negligence claims). The TWCA exempts an employer from common law liability for negligence and gross negligence for an employee's injuries sustained in the course of employment, except in death

---

[4]Tillison does not dispute Trinity's assertion that it was a subscriber under the TWCA.

- 4 -

cases for certain exemplary damages. *See Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 739 (Tex. 1980).

If Tillison sustained her injuries in the course and scope of her employment, her negligence-based claims are barred by the TWCA. An injury is not within the scope of employment if it arises from a third person's personal reason and is not directed at the employee because of employment. *Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806-07 (Tex. 1999) (per curiam); *see Medina v. Herrera*, 927 S.W.2d 597, 601 (Tex. 1996). Tillison does not address the fact that the Texas Supreme Court has recognized that a victim of sexual harassment can be deemed to have suffered injury within the scope of her employment, *see Walls Regional Hospital*, 9 S.W.3d at 806-08, and she does not contend that her injuries were suffered outside the scope of her employment.

In *Walls Regional Hospital* nurses brought a negligent hiring claim against their employer hospital based on sexually harassing conduct of a doctor whom the hospital had credentialed. *Id.* at 806. As does Tillison, the nurses complained of sexually harassing conduct that occurred exclusively at the workplace and during working hours. *Id.* at 807. The court stated:

> [A]ll the incidents described in the summary judgment record occurred while plaintiffs were doing their jobs and [the doctor] was doing his. Plaintiffs do not contend that [he] ever accosted them privately outside the Hospital, nor do they contend that he came to the Hospital because they were there. On the contrary, plaintiffs contend, and the summary

> judgment record establishes, that [the doctor]
> harassed plaintiffs because they happened to
> be at work at the same time he was.

*Id.*  The court concluded that the nurses' injuries occurred in the course and scope of employment and did not fall within the personal animosity exception.  *See id.* at 807-08.  The court also held that the negligence claims asserted against the hospital were preempted by the TWCA.  *Id.* at 808.  Because Tillison does not maintain that she was injured outside the course and scope of employment or that the harassing conduct falls within the personal animosity exception, the court concludes that her negligence claims are barred by the TWCA and dismisses them with prejudice.

III

Tillison also seeks to recover for intentional infliction of emotional distress.

In *Tillison I* the court held that Tillison could not maintain this claim because the gravamen of her complaint is employment discrimination and she has not adduced evidence of intentional infliction of emotional distress that is independent of her employment discrimination claims.  *Tillison I*, 2005 WL 292423, at *2 (applying *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004)).  Tillison states in her response that she "acknowledges this Court's recognition in *Wright v. Blythe-Nelson*, [2004 WL 2870082] (N.D. Tex. Dec. 13, 2004)[,] of the findings of the Texas Supreme Court in *Hoffmann-LaRoche* . . . as to her claims

- 6 -

for intentional infliction of emotional distress." P. Br. at 3, ¶ 1.6. (footnote omitted). Earlier in her brief, she opposes summary judgment, "subject only to the discussion at paragraph 1.6[.]" *Id.* at 2, ¶ 1.2. And she does not present arguments in opposition to granting summary judgment on this claim. Accordingly, the court dismisses this claim with prejudice.

IV

Trinity moves for summary judgment as to Tillison's claims under ADEA and Title VII. It argues, *inter alia*, that it is entitled to this relief because Tillison's EEOC charge of discrimination was untimely.[5] Trinity asserts that if it took an adverse employment action as to Tillison, it occurred on January 11, 2002. It further posits that Tillison was required to file a charge of discrimination no later than November 7, 2002, the 300th day after the adverse employment action, but that she did not do so by that date.[6]

_____

[5]Trinity also moves for summary judgment on the merits of these claims. Because the court grants summary judgment based on limitations, it need not address these arguments.

[6]Because Texas is a deferral state, Tillison was required to file her EEOC charge within 300 days after the alleged unlawful practice occurred. *See Stith v. Perot Sys. Corp.*, 2004 WL 690884, at *3 (N.D. Tex. Mar. 12, 2004) (Fitzwater, J.) (citing 42 U.S.C. § 2000e-5(e) (Title VII claim); 29 U.S.C. § 626(d)(2) (ADEA claim)), *aff'd*, 122 Fed. Appx. 115 (5th Cir. 2005) (unpublished opinion).

- 7 -

A

Tillison maintains that her EEOC charge was not untimely because she was not actually discharged on January 11, 2002.  Upon her departure from Trinity in January 2002, she began receiving long-term disability benefits, and Trinity changed her employment status to "inactive employee."  On November 1, 2004 Trinity sent Tillison a letter advising her that her long-term disability benefits had been terminated and that, pursuant to Trinity policy, her employment status would immediately be changed from "inactive employee" to "retired."

Tillison contends that her EEOC charge was not untimely because she was not actually terminated until November 1, 2004, when Trinity changed her to retired status.  She argues that her EEOC charge therefore was not filed outside the 300-day time limit.  The court rejects this argument.  To concur in this contention would mean that Tillison prospectively complained in November 2002 of discrimination that would not take place until two years later.  Tillison has not pointed to any authority that supports this reasoning.  Moreover, Tillison's argument is refuted by her EEOC charge.  In it she lists January 11, 2002 as both the earliest and the latest date that discrimination took place.  *See* P. App. 167.  If she is now complaining of discrimination that took place on November 1, 2004—a premise that is wholly inconsistent with the nature of and grounds for the claims she asserts in this suit—she

- 8 -

has not demonstrated that she exhausted the claim through the EEOC complaint process.

B

Tillison alternatively argues that communication of her complaint to the Texas Commission on Human Rights ("TCHR") and confusing instructions she received from the EEOC justify equitably tolling the limitations period and deeming her charge timely filed.

1

On August 7, 2002 Tillison transmitted an intake questionnaire to the TCHR by facsimile. She complained in the questionnaire of the same conduct that underlies this lawsuit. On or about August 22, 2002 Tillison received a letter from the TCHR notifying her that it was unable to draft a charge of discrimination on her behalf. It also advised her that her complaint had been "deferred" to the EEOC for investigation and that an EEOC investigator would contact her when the complaint had been assigned. Tillison received a completed charge of discrimination from the EEOC on Thursday, November 7, 2002. A letter accompanying the charge informed her that failure to sign and return the charge within 10 days would "result in the charge not being accepted for investigation." P. App. 166. Tillison signed the complaint on November 7 and "overnighted" it to her attorney, who hand-delivered

the charge to the EEOC on Monday, November 11, 2002.[7]

Tillison asserts that her attempt to satisfy the administrative prerequisites of Title VII by submitting her complaint to the TCHR, coupled with the EEOC's confusing instructions regarding the deadline to sign and return the charge of discrimination, justify equitably tolling the 300-day complaint requirement of Title VII.[8] She presumably makes the same argument with regard to her ADEA claim, which is also subject to the 300-day limit. *See supra* note 6.

---

[7]In her affidavit, Tillison mistakenly identifies November 7, 2002 as a Friday. It was a Thursday. Moreover, although November 11, 2002 was a federal holiday, that fact is immaterial because November 8 was a business day and the deadline expired that date.

[8]Tillison does not argue that the intake questionnaire that the TCHR received in August 2002 is sufficient to be treated as a formal charge of discrimination that satisfies the 300-day time limitation. Such an argument, if made, would be misplaced. The Fifth Circuit has recognized circumstances in which a *pro se* litigant's EEOC intake questionnaire may be treated as a formal complaint to determine its timeliness, *see Price v. Southwestern Bell Telephone Co.*, 687 F.2d 74, 78-79 (5th Cir. 1982), but Tillison was not then (nor is she now) a *pro se* litigant. Moreover, she does not point to any evidence that the EEOC considered her intake questionnaire to have been a charge sufficient to trigger the administrative process. *Cf. Wilson v. City of Dallas, Tex.*, 2003 WL 23017738, at *3 (N.D. Tex. Dec. 17, 2003) (Solis, J.) (distinguishing *Price* and holding intake questionnaire not a charge of discrimination where plaintiff adduced no evidence that EEOC considered questionnaire to be charge or used it to initiate administrative process); *Hester v. Van Chevrolet Co.*, 1998 WL 118149, at *2 n.6 (N.D. Tex. Mar. 4, 1998) (Fish, J.) (distinguishing *Price* and holding completion of EEOC Form 283 and intake questionnaire did not constitute filing of charge where plaintiffs adduced no evidence that EEOC considered documents to satisfy 42 U.S.C. § 2000e-5(e)(1)).

2

The limitations period during which a charge of discrimination may be filed "is subject to equitable doctrines such as tolling or estoppel." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). These equitable doctrines, however, "are to be applied sparingly." *Id.* Because Tillison invokes equitable tolling as a basis for concluding that her charge was timely, she bears the burden of demonstrating that it applies. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (citing *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)).

The Fifth Circuit has identified three potential circumstances in which tolling the charge deadline may be appropriate: (1) pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of facts supporting the claim due to defendant's intentional concealment of them; and (3) the EEOC misleads the plaintiff about her rights. *Id.* Although other circumstances may also merit equitable tolling, *see Blumberg v. HCA Management Co.*, 848 F.2d 642, 644-45 (5th Cir. 1988), the Fifth Circuit has been reluctant to forgive late filings where a claimant has failed to exercise due diligence in preserving her legal rights, *see Wilson v. Secretary, Department of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam).

Tillison has not introduced sufficient evidence to permit a reasonable trier of fact to find that the EEOC misled her in the

letter she received on November 7, 2002.  To demonstrate that she was misled requires that she show the EEOC gave her information that was affirmatively wrong.  *See Ramirez*, 312 F.3d at 184.  The EEOC's letter stated that her failure to sign and return the charge within 10 days would cause her complaint not to be investigated. It did not state that her complaint would be investigated even if untimely or that it would be considered timely if returned within 10 days.  The EEOC letter simply admonished Tillison that her failure to sign and return the charge within the 10-day period would jeopardize the investigation of her claim, and a reasonable trier of fact could not find that this statement was incorrect or misleading.

Nor has Tillison adduced evidence that would permit a reasonable finding that this case warrants tolling the limitations period on another basis.  Trinity terminated Tillison's employment on January 11, 2002.  She retained counsel in March or April 2002. D. App. 110; *see Kojin v. Barton Protective Servs.*, 339 F.Supp.2d 923, 930 (S.D. Tex. 2004) (treating plaintiff's representation by counsel as relevant to question whether equitable tolling was appropriate).  She does not explain why she waited until August to file an intake questionnaire and, presumably knowing that the 300-day limitation was approaching in November,[9] failed to take any

---

[9]"[L]ack of knowledge of applicable filing deadlines is not a basis for tolling." *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (citing *Larson v. Am. Wheel & Brake, Inc.*,

action to ensure that her charge would be timely filed.

Moreover, Tillison has not adduced evidence that would permit a reasonable trier of fact to find that the EEOC issued "confusing instructions" that are to blame for her failure to file a discrimination charge within the limitations period. By invoking equitable tolling based in part on the EEOC's instructions, Tillison implicitly argues that the EEOC misled her about her rights and that its instructions prevented, or at least interfered with, her making a timely filing. She has adduced no evidence, however, that would permit a reasonable trier of fact to make this finding. Tillison received the EEOC letter on November 7, 2002, the 300th day following her termination.[10] She has not presented evidence that would permit the reasonable finding that, but for the language that required receipt of the charge within 10 days, she could and would have filed the charge on the same day she received the letter. For example, she does not even include in her evidence a statement to this effect: "Once I received the letter, I thought I had ten more days, so I did not try to file my charge by the 300th day."

---

610 F.2d 506, 510 (8th Cir. 1979)).

[10]Tillison states at one point in her response brief that she received the letter on November 6, 2002. *See* P. Br. at 30. Her briefing, however, is not summary judgment evidence. *See Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). In her affidavit she states that she received the EEOC letter on November 7, 2002. P. App. 149.

The court concludes that a reasonable trier of fact could only find that Tillison did not exercise due diligence in preserving her legal rights by filing a charge of discrimination within the period prescribed by 42 U.S.C. § 2000e-5(e).   Accordingly, a reasonable trier of fact could not find sufficient grounds to toll the limitations period.   Tillison's charge is untimely, and Trinity is entitled to summary judgment dismissing her Title VII and ADEA claims.

*     *     *

The court grants Trinity's motion for summary judgment and dismisses this action by judgment filed today.[11]

**SO ORDERED.**

September 2, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[11]In Trinity's May 6, 2005 motion to reinstate the third-party complaint, it indicates that it intends to dismiss the third-party claim against Schwartz if the court grants summary judgment. Accordingly, the court is filing a final judgment dismissing this case today.

- 14 -