```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

NELDA J. TILLISON,              §
                                §
              Plaintiff,        §
                                § Civil Action No. 3:03-CV-2480-D
VS.                             §
                                §
TRINITY VALLEY ELECTRIC         §
COOPERATIVE, INC., et al.       §
                                §
              Defendants.       §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Nelda J. Tillison ("Tillison") moves pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6)[1] for relief from the summary judgment entered against her, asking the court to amend or alter its judgment. The court denies the motion.[2]

The background facts and procedural history of this case are recounted in the court's opinion granting summary judgment. *See Tillison v. Trinity Valley Elec. Coop., Inc.*, 2005 WL 2124122, at

---

[1] Although Tillison maintains that the same two grounds support relief under both Rule 60(b)(1) and(b)(6), she distinguishes the two grounds in her reply brief. There she contends that her first ground for relief is presented under Rule 60(b)(1) and her second ground is asserted under Rule 60(b)(6). *Cf. Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("[R]elief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5).").

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

\*1 (N.D. Tex. Sept. 2) (Fitzwater, J.) ("*Tillison II*"), *appeal docketed*, No. 05-11332 (5th Cir. Dec. 1, 2005). "[R]elief under Rule 60(b) is considered an extraordinary remedy . . . and the desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (internal quotation marks and brackets omitted).

> [A] [m]otion[ ] . . . to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. [It] cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, [it] cannot be used to argue a case under a new legal theory.

*Dial One of the Mid-South, Inc. v. BellSouth Telecomms., Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) (internal quotation marks omitted) (addressing motion for reconsideration that circuit court treated as Rule 60(b) motion).

Tillison contends the judgment should be vacated due to excusable neglect because she never had the opportunity to brief two issues that she characterizes as central to the court's decision. First, she asserts that she never had an opportunity to brief why the intake questionnaire that she filed with the Texas Commission on Human Rights ("TCHR") constituted a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), such that she complied with the 300-day time limit. In defendants' summary judgment motion, they contended, *inter alia*,

that Tillison's federal claims were barred because she failed to file her charge of discrimination within 300 days. In response, Tillison simply failed to make the contention that she now maintains she lacked the opportunity to present. *See Tillison II*, 2005 WL 2124122, at *4 n.8 ("Tillison does not argue that the intake questionnaire that the TCHR received in August 2002 is sufficient to be treated as a formal charge of discrimination that satisfies the 300-day time limitation."). Rule 60(b) is not available "to argue a case under a new legal theory." *Dial One of the Mid-South*, 401 F.3d at 607 (addressing Rule 60(b)). Defendants' motion put Tillison on notice that it was necessary to make this argument if she thought it sufficient to defeat summary judgment.

Second, Tillison contends that she has not been given the opportunity to fully brief the impact of her counsel's efforts on her behalf with the EEOC and TCHR. She maintains that the court erroneously "assume[d] that [she] was represented by counsel throughout the entirety of the TCHR and EEOC proceedings." P. Br. 2. Rather, the court observed that Tillison was represented by counsel when she failed to meet the 300-day deadline. *Tillison II*, 2005 WL 2124122, at *4 n.8, *5. And the court noted that she testified at her deposition that she obtained counsel in March or April 2002, before the deadline in November 2002. *Id.* at *5. The fact that her attorney delivered the charge to the EEOC after the

- 3 -

300-day deadline had expired also supports the court's observation that she was not *pro se* at the time of the deadline. *Id.* There was thus no manifest error of fact.

Tillison maintains throughout her motion that Rule 60(b) relief is particularly warranted in this case. But it should be remembered that this court has *already* excused one failure by Tillison's counsel: the complete failure to respond to the summary judgment motion.[3] As the court explained in *Tillison II*,

> Trinity filed a motion for summary judgment on January 3, 2005. In a February 7, 2005 memorandum opinion and order, the court granted summary judgment after Tillison failed to respond to the motion within the time required by N.D. Civ. R. 7.1(e). Fortuitously for her, the court did not enter a final judgment due to the pendency of Trinity's third-party action against Schwartz. Tillison subsequently moved for relief on the basis that her failure to respond to the motion was the result of her attorney's misunderstanding of the court's rules and failure to obtain evidence necessary to support her response. The court granted her motion, vacated its memorandum opinion and order, and permitted Tillison to file a response and Trinity to file a reply.

*Tillison II*, 2005 WL 2124122, at *1 n.3 (citations omitted).

---

[3]It should be noted that counsel who filed the instant motion are not the same as the one who represented Tillison at the time the court granted summary judgment. The court recognizes that Tillison's present counsel have capably represented other clients in this court.

- 4 -

\*     \*     \*

Accordingly, the court denies Tillison's March 8, 2006 Rule 60(b) motion to amend or alter judgment.[4]

**SO ORDERED.**

April 27, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4]Despite the pendency of Tillison's appeal, the court has jurisdiction to deny her Rule 60(b) motion. *See, e.g., Fathergill ex rel. Michaels Stores, Inc. v. Rouleau*, 2003 WL 21755921, at \*1 (N.D. Tex. July 24, 2003) (Fitzwater, J.).

- 5 -